UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YASMENI PEREZ REYTOR,

          Petitioner,

v.

WARDEN, MESA VERDE DETENTION FACILITY,

          Respondents.

No. 1:26-cv-02851-DJC-JDP

ORDER

A# 220-856-556

Petitioner Yasmeni Perez Reytor is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1). The Court has previously addressed the legal issues raised in Count 1 of the Petition. *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 1 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 5.) Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A)(iii)(II). (ECF No. 7 at 2.) This section is not applicable to Petitioner. Section 1225(b)(1)(A)(iii)(II) explicitly states that it only applies

1

to individuals who "ha[ve] not been admitted or paroled into the United States[.]" 8 U.S.C. § 1225(b)(1)(A)(iii)(II).  But the records shows that he was paroled into the United States in 2021.  (ECF No. 7-1 at 2; *see* ECF No. 7-3.)  As such, this section does not impose mandatory detention on the Petitioner.

Respondents note that Petitioner was recently arrested by local law enforcement officers in January 2026.  While this does not alter the Court's due process analysis, it does establish that a prompt post-deprivation hearing is appropriate.  *J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Yasmeni Perez Reytor a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **April 21, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

2